IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN LEE ZEIGLER,

                           Plaintiff,

       v.

MICHAEL ASTRUE,
Commissioner of Social Security,

                           Defendant.

No. 3:12-cv-00487-HZ

OPINION & ORDER

George J. Wall
LAW OFFICES OF GEORGE J. WALL
1336 E Burnside, Suite 130
Portland, OR 97214

       Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

Jeffrey R. McClain
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900 M/S 221A

1 - OPINION & ORDER

Seattle, WA 98104

Attorneys for Defendant

HERNANDEZ, District Judge:

Robin Lee Zeigler brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner of Social Security's (the "Commissioner's") final decision. The Commissioner determined Plaintiff was not disabled and denied his application for disability insurance benefits ("DIB") under Title II of the Act. For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for the immediate award of benefits.

## PROCEDURAL BACKGROUND

Plaintiff was born on April 11, 1961, and alleges an onset date of disability on October 30, 2007. Tr. 15, 115. Although Plaintiff has been found disabled and was awarded social security benefits beginning August 21, 2010, the current appeal now before me only concerns the period from October 30, 2007, to August 20, 2010. Opening Br., p. 3 n.1.

Plaintiff has a high school education, served in the military from 1980 through 1984, and worked at Northwest Aluminum Specialties, a foundry where he did "c[]arpentry . . . [and] finish work" until October 27, 2007. Tr. 52, 115, 118. On June 26, 2008, Plaintiff protectively filed for DIB, alleging disability beginning on October 30, 2007. Tr. 9. Plaintiff's claims were denied on December 26, 2008, and upon reconsideration on April 15, 2009. Id. A hearing was held on August 13, 2010, in Portland, Oregon, before Administrative Law Judge Richard A. Say. Id. On August 20, 2010, the ALJ found Plaintiff not disabled. Tr. 18. Plaintiff requested a review of the ALJ's decision, but the Appeals Council issued an order denying Plaintiff's request for

review, making the ALJ's decision the final decision of the Commissioner.  Tr. 1-3.  This appeal followed.

## FACTUAL BACKGROUND

The parties are familiar with the medical evidence and other evidence of the record. Therefore, the evidence will not be repeated except as necessary to explain my decision.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Disability claims are evaluated according to a five-step procedure.  See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).  The claimant bears the ultimate burden of proving disability.  Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.  In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; see 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.  In step four, the Commissioner determines whether the claimant, despite any impairments, has the residual functional capacity

("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 30, 2007. Tr. 11, Finding 2. At step two, the ALJ found Plaintiff had the "following severe impairment: Degenerative disc disease, status post two back surgeries . . . ." Tr. 11, Finding 3. At step three, the ALJ found Plaintiff's impairments did not meet or equal the requirements of a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 11, Finding 4. At step four, the ALJ assessed Plaintiff as having the following RFC:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can frequently balance, and occasionally stoop, kneel, crouch, crawl, and operate foot controls.

Tr. 12, Finding 5.

At step five, the ALJ found Plaintiff was not disabled because Plaintiff could perform the following jobs that exist in significant numbers in the national economy: a "companion", a "food assembler", an "electronics assembler", and a "surveillance systems monitor". Tr. 17-18, Finding 10.

/ / /

4 - OPINION & ORDER

**STANDARD OF REVIEW**

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's."  Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).  The initial burden of proof rests upon the claimant to establish disability.  Howard, 782 F.2d at 1486.  To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

**DISCUSSION**

Plaintiff argues the ALJ made the following errors: (1) the ALJ improperly rejected Plaintiff's testimony; (2) the ALJ improperly rejected the opinion of Mark Czarnecki, D.O., Plaintiff's treating physician; and (3) the ALJ improperly rejected the testimony of Plaintiff's wife, Caroline Zeigler.  For the following reasons, I agree with Plaintiff.

**I. Plaintiff's Testimony**

Plaintiff contends the ALJ failed to provide clear and convincing reasons supporting his adverse credibility finding.  Defendant responds that the ALJ provided clear and convincing

reasons when finding Plaintiff was not credible because Plaintiff's testimony was inconsistent with the opinion of Kim Webster, M.D., and because Plaintiff's testimony was vague.

In deciding whether to accept subjective symptom testimony, an ALJ must perform two stages of analysis. 20 C.F.R. § 404.1529. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. E.g., Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citations omitted). Second, absent a finding of malingering, the ALJ may reject the claimant's testimony about the severity of his symptoms only by offering specific and clear and convincing reasons for doing so. Id. at 1281. If an ALJ finds that the claimant's testimony regarding his subjective symptoms is unreliable, the "ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive." Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted). In doing so, the ALJ must identify what testimony is credible and what testimony undermines the claimant's complaints and make "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (citation omitted). The ALJ may rely upon ordinary techniques of credibility evaluation when weighing the claimant's credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations omitted).

### A. Inconsistency with Objective Medical Evidence

The record shows that Webster performed a neurological examination of Plaintiff in April 2009. Tr. 360. The ALJ, however, did not specifically find that Plaintiff's testimony was inconsistent with Webster's opinion. Rather, the ALJ found Plaintiff was not credible because "[t]he objective medical evidence [was] . . . inconsistent with . . . claimant's allegations of disability". Tr. 13, 16. The ALJ's general assertion is neither specific nor clear and convincing.

Here, the medical evidence shows–and the ALJ found–that Plaintiff has a severe degenerative disc disease. Tr. 11, 210, 286. The record shows that in January 2008, Plaintiff underwent a "L3, L4, and L5 laminectomy" and "L3-4 and L4-5 diskectomy" and had his L2 through L5 lumbar spine vertebras fused. Tr. 210, 286. The record further shows that Plaintiff continued to be in pain after his January 2008 surgery and was prescribed Percocet and Soma for pain relief and attended at least 22 physical therapy sessions until June 2008, the date when he could no longer afford health insurance. Tr. 13, 44, 305-06, 330. The record also shows Plaintiff testified that his back pain made it "fairly hard" for him to bathe and dress himself, precluded him from standing for long periods of time and thus limited him to "very little" cooking, prevented him from doing housework, and precluded him from shopping. Tr. 41. Plaintiff also testified that on a normal day, he only "[w]atch[es] a little bit of TV", "walk[s] around the house," and does "some of [his] exercises for . . . lumbar stabilization". Tr. 42. Finally, Plaintiff testified that he can only lift "five to ten pounds", must rotate between sitting, standing, and laying down every 10 to 15 minutes, and gets sore if he walks half a block. Id.

The objective medical evidence, including Plaintiff's January 2008 surgery and treatment history, are consistent with Plaintiff's allegations of disability. The ALJ's general reasoning that the objective medical evidence is inconsistent with Plaintiff's allegations of disability is insufficient and falls short of amounting to a specific and clear and convincing reason supporting his adverse credibility determination.

**B. Vague**

The ALJ also found Plaintiff not credible because his "responses were vague when he was asked whether he had assisted Czarnecki with answers for the questionnaire."[1] Here, the

---

[1] The ALJ also found Plaintiff was not credible based on his treatment regimen and activities of daily living. Tr. 13-14. Defendant concedes these reasons were erroneous.

record shows that at the August 13, 2010, hearing, the ALJ expressed that he was "curious" about "several references to limitations" that Czarnecki made about Plaintiff's hands. Tr. 43. Plaintiff responded, "I don't really know . . . . I don't really know, sir." Id.  When viewing the record as a whole, this was not a clear and convincing reason supporting the ALJ's adverse credibility finding, especially in light of Plaintiff's January 2008 surgery and treatment history. Plaintiff's response, by itself, simply does not constitute a clear and convincing reason for finding Plaintiff's testimony not credible and thus cannot be sustained.

**II. Czarnecki's Medical Opinion**

When a treating doctor's opinion, such as Czarnecki's, "is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence . . . ." Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (citation omitted).  Czarnecki was Plaintiff's treating physician who diagnosed Plaintiff with degenerative lumbar spine disc disease with fusions of lumbar vertebrae L1 through L5, and limited Plaintiff to sitting no longer than 10 to 15 minutes at a time and no bending, squatting, crawling, climbing, twisting, crouching, balancing, or stooping. Tr. 425-26.  The ALJ accorded Czarnecki's opinion "little weight" because it was inconsistent with "other opinions." Tr. 16.

Defendant contends the ALJ properly rejected Czarnecki's opinion because it was inconsistent with Webster's opinions.  Defendant asserts that although Czarnecki opined Plaintiff could only stand or walk for less than two hours in an eight-hour day and could only sit for two hours or less, Webster concluded that Plaintiff could stand or walk for six hours and could sit without any limitation.  Tr. 360, 425.  Defendant also asserts that the ALJ properly rejected Czarnecki's opinion because it was based primarily on Plaintiff's subjective complaints. Defendant's arguments are unavailing.

Although the Commissioner now asserts that the ALJ properly rejected Czarnecki's opinion because it was inconsistent with Webster's opinions and was based primarily on Plaintiff's subjective complaints, such reasoning were not specifically provided by the ALJ. I may not "affirm the decision of an agency on a ground the agency did not invoke in making its decision." Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citations and quotation marks omitted). "Long-standing principles of administrative law require[s] [a court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ–not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Because I may not affirm the Commissioner's decision on a ground that the ALJ did not articulate, as Defendant would have me do here, the Commissioner's argument fails.

In addition, nothing in the record supports the ALJ's conclusion that Czarnecki relied primarily on Plaintiff's subjective complaints when addressing Plaintiff's functional limitations. Rather, the record shows that contrary to Defendant's assertions, Czarnecki relied on objective observations and even an MRI of Plaintiff's back when prescribing Plaintiff's pain medication and when determining Plaintiff's functional limitations. Tr. 243, 310-26.

In sum, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record when rejecting Czarnecki's opinions.

**III. Mrs. Zeigler's Testimony**

The ALJ must provide "reasons germane" to each lay witness when discounting his or her lay witness testimony. E.g., Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012). Here, Mrs. Zeigler testified that Plaintiff must rotate between sitting, standing, and laying down every 10 to 20 minutes and must lie down at least three times per day, and testified that Plaintiff is

unable to lift, bend, stoop, or stand or sit for long periods.  Tr. 50.  The ALJ rejected Mrs.

Zeigler's testimony on the basis that "the objective medical evidence [did] not support her

statements."  Tr. 16.  Defendant concedes that this was not a germane reason for rejecting Mrs.

Zeigler's statements, but asserts that the ALJ's error was harmless because her testimony was

contradicted by Webster's opinion.  Defendant's argument fails.

"[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability

determination" in the context of the record as a whole.  Molina, 674 F.3d at 1115 (citations and

quotation marks omitted).  Here, the ALJ's error was not harmless in light of the record as a

whole.  Although the Commissioner contends the ALJ's error was harmless because Mrs.

Zeigler's testimony was inconsistent with Webster's opinion, this was not a reason proffered by

the ALJ and therefore amounts to a post-hoc rationalization on which I may not rely.  See Bray,

554 F.3d at 1225-26 (citations omitted).  Moreover, Mrs. Zeigler's testimony is consistent with

the Plaintiff's testimony and Czarnecki's conclusions, which as discussed above, the ALJ

improperly rejected.

## IV. Credit as True

Plaintiff argues that when crediting the evidence as true, he is entitled to an award of

benefits.  The decision whether to remand for further proceedings or for immediate payment of

benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.

2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits

is appropriate when no useful purpose would be served by further administrative proceedings or

when the record has been fully developed and the evidence is insufficient to support the

Commissioner's decision.  Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138-39 (9th

Cir. 2011) (quoting Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)).

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (citation omitted).

The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (citation omitted). The reviewing court should decline to credit testimony when "outstanding issues" must be resolved. Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (citation omitted).

Defendant does not respond to Plaintiff's assertion that he is entitled to an immediate award of benefits, and suffice it to say, does not contend that "outstanding issues" remain. More important, however, I conclude that no useful purpose would be served by further administrative proceedings. Here, Plaintiff testified that he is able to stand only 10 to 15 minutes at a time. Tr. 42. Consistent with Plaintiff's testimony, Mrs. Zeigler testified that Plaintiff is unable to stand for long periods of time and must alternate between sitting, standing, and laying down every 10 to 20 minutes, and must lie down at least 3 times a day. Tr. 49-50. Similarly, Czarnecki concluded that Plaintiff's back limitations prevented him from lifting, bending, and twisting and required him to alternate positions every 10-15 minutes. Tr. 425-26. At the August 13, 2010, hearing, the VE testified that someone with Plaintiff's limitations would be precluded from maintaining fulltime employment. Tr. 54.

A court should remand for the immediate payment of benefits when, as here, it is clear from the record that the claimant would be entitled to benefits if the ALJ's erroneously

discounted evidence were credited as true. <u>See</u> <u>Benecke</u>, 379 F.3d at 593.  Taken together,

Plaintiff's testimony, his wife's testimony, and Czarnecki's opinion, when credited as true,

establish Plaintiff is disabled and unable to maintain fulltime employment.  Accordingly, a

remand of this case for the immediate payment of benefits is proper.  <u>See</u> <u>Id.</u> at 595 ("Allowing

the Commissioner to decide the issue again would create an unfair heads we win; tails, let's play

again system of disability benefits adjudication.") (Citation and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the ALJ's decision is REVERSED and this case is

REMANDED for the immediate award of benefits pursuant to sentence four of 42 U.S.C. §

405(g).

IT IS SO ORDERED.

Dated this ____ day of ____, 2013.


MARCO A. HERNANDEZ
United States District Judge